UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD CAVALLO,

                Plaintiffs,

-against-

HPD SECTION 8; GODDARD RIVERSIDE,

                Defendants.

24-CV-4242 (LTS)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Ronald Cavallo, who is proceeding *pro se*, brings this action against the New York City Department of Housing Preservation and Development ("HPD") and Goddard Riverside Community Center ("Goddard"), both located in New York County. Plaintiff does not identify the basis for federal court jurisdiction; however, because Plaintiff asserts his "civil liberties" were violated, with respect to his housing, the Court construes the complaint as asserting claims under the Fair Housing Act of 1968 and 42 U.S.C. §1983.

    By order dated June 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint for failure to state a claim, but grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park)*

*Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

## BACKGROUND

The following facts are drawn from the complaint.[1] During an unspecified period of time, Plaintiff resided in a New York City shelter when housing authorities transferred him to a single room occupancy ("SRO") unit.[2] He states that his next door neighbor at the SRO was a "hoarder," and his studio was "infested with roaches" because of it. (*Id.* at 5). He also states that he shared a bathroom and kitchen with the neighbor that also was infested. Additionally, he alleges that an exterminator treated his apartment and told him that the roaches were due to the hoarding of his neighbor. (*Id.*). Because of these conditions, Plaintiff applied for a transfer to a Goddard Riverside Community Center SRO. Plaintiff alleges, however, that he was "not aware of circumstances" at Goddard Riverside including:

> neighbors [being] allowed to have dogs . . . not supportive but for a pet . . . heavy drug trafficking cocaine, crack, possible heroin, going up + down stairwells especially during the night . . . 3-4 times attempted physical harm to me . . . [and] [management] cannot handle the situation, social work is not existent, setting off fire alarms, violence, slamming doors, yelling in corridors.

(*Id*. at 6).

Plaintiff alleges that he suffered between 14 and 15 years in inadequate housing, developed tremors and increased emotional stress as a result of his housing conditions. He notes

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] It is unclear if these circumstances occurred at a different location before Plaintiff was transferred to Goddard Riverside Community Center or if these events occurred at Goddard.

that he suffers from a heart disease and hypertension, and at some point, applied for social security disability benefits. As relief, Plaintiff seeks money damages.

## DISCUSSION

### A. Claims against the Department of Housing Preservation and Development

Plaintiff's claims against HPD must be dismissed because an agency of the City of New York, such as the HPD, is not an entity that can be sued. N.Y. City Charter ch. 17 § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law"); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against HPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the HPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B. Rule 8 of the Federal Rules of Civil Procedure

Plaintiff's complaint does not comply with Rule 8 because Plaintiff does not make a short and plain statement showing that he is entitled to relief from any of the Defendants. Plaintiff appears to be asserting that Defendants violated his "civil liberties" (ECF at 2) under the FHA and/or Section 1983. However, Plaintiff does not name the SRO where he experienced the "infestation of roaches," does not describe any illegal conduct on the part of Defendants City of

New York or Goddard regarding these conditions, nor does he state why he believes these Defendants violated his rights. While Plaintiff names two locations in the complaint where conduct occurred, the alleged facts do not attribute any conduct to either location or connect conduct to either Defendant so they may be placed on notice of their alleged illegal conduct. As Plaintiff does not provide enough facts to allege an underlying constitutional violation against the City of New York or Goddard, he cannot state a claim against these entities.

Accordingly, the Court finds that "the complaint's form [and] substance prevent[] the defendant from forming a 'fair understanding' of the plaintiff's allegations." *Ong*, 51 F. Supp. 3d at 345. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also grants Plaintiff 60 days to file an amended complaint to address the deficiencies, as described below.

### 1.     Claim Under the Fair Housing Act

Because Plaintiff provides facts to suggest that he may have a disability, the Court construes the complaint as asserting a claim under the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3604.[3] The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex familial status . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). To state a claim under the FHA, a plaintiff must plausibly allege that: (1) he was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership to that protected class. *See*

---

[3] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

*Mazzocchi v. Windsor Owners Corp.*, No 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012).

Here, Plaintiff may have a disability or health condition protected under the FHA, as he notes in the complaint that he applied for social security disability for medical reasons and he currently suffers from heart disease and hypertension, among other health issues. (ECF at 5). Plaintiff does not state, however, that either the City of New York or Goddard discriminated against him in his housing because of his disability.

To the extent Plaintiff is attempting to assert claims that he was discriminated against on the basis of his disability in violation of the FHA, the Court grants Plaintiff leave to file an amended complaint alleging facts in support of such a claim against the City of New York and/or Goddard.

    **2.**    **Municipal Liability Claim Under Section 1983**

Plaintiff asserts a violation of his civil liberties as it relates to his Section 8 housing. Because there is no constitutional right to housing, however, Plaintiff's municipal liability claim under Section 1983 must be dismissed.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff cannot state a claim of municipal liability against the City of New York concerning his alleged inadequate living circumstances because there is no constitutional right to access housing. *See Lindsey v. Normet*, 405 U.S. 56, 73 (1972) ("[T]he Constitution does not provide judicial remedies for every social and economic ill," and there is not "any constitutional guarantee of access to dwellings of a particular quality."). Thus, Plaintiff cannot bring a claim against the City for causing any constitutional harm through its policies, customs, or practices related to housing.[4] The Court therefore dismisses Plaintiff's municipal liability claim under Section 1983 for failure to state a claim.

## C.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[4] The Court notes that Plaintiff may make a formal complaint with the City of New York regarding pests in his apartment with Pest Complaint NYC311. The HPD investigates maintenance complaints and tickets owners who violate the law. HPD will attempt to contact the building owner and require that the violation be corrected immediately.

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA claim against the City of New York and/or Goddard Riverside Community Center, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**D.      Referral to the City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.

If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). A flyer from the City Bar Justice Center is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-4242 (LTS). An Amended Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. No summons will issue at this time.

The Court dismisses Plaintiff's claims against HPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to

terminate this defendant from this action. The Court also directs the Clerk of Court to add the City of New York as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is instructed to keep this action open on the docket until judgment is entered.

A flyer from the City Bar Justice Center is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

I.  **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A.  **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

B.  **If you checked Diversity of Citizenship**

  1.  **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name         Middle Initial         Last Name

_____

Street Address

_____

County, City                      State                Zip Code

_____

Telephone Number                  Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
                 First Name               Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State            Zip Code

Defendant 2: _____
                 First Name               Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State            Zip Code

Defendant 3: _____
                 First Name               Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City              State            Zip Code

Defendant 4:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.